IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JAMES MYERS**,

        Plaintiff,

    v.

**ANDREW M. SAUL**, Commissioner of Social Security,

        Defendant.

Case No. 6:18-cv-2038-SI

**ORDER**

**Michael H. Simon, District Judge.**

      On March 16, 2020, the Court reversed the Commissioner's determination that Plaintiff was not disabled and remanded the matter back to the agency for further proceedings. ECF 18. Before the Court is Plaintiff's application for $14,878.80 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 18. Defendant opposes the fee request, arguing that the requested fees are unreasonable. For the reasons discussed below, the Court grants Plaintiff's motion in part and awards EAJA fees in the amount of $13,390.92.

      EAJA authorizes the payment of attorney's fees to a prevailing party in an action against the United States, unless the government shows that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although EAJA creates a presumption that

PAGE 1 – ORDER

fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The decision to deny EAJA attorney's fees is within the discretion of the court. *Id.*; *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). A social security claimant is the "prevailing party" following a sentence-four remand pursuant to 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. *Flores*, 49 F.3d at 567-68 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993)). Fee awards under EAJA are paid to the litigant, and not the litigant's attorney, unless the litigant has assigned his or her rights to counsel to receive the fee award. *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010).

Under EAJA, if the government's position is not substantially justified, the court has discretion to determine whether the requested fees are reasonable. *See Comm'r, INS v. Jean*, 496 U.S. 154, 160-61 (1990) (the court has similar discretion under EAJA to determine the reasonableness of fees as it does under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, as described in *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)); *U.S. v. Milner*, 583 F.3d 1174, 1196 (9th Cir. 2009) (fees requested under EAJA must be reasonable); *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998) (discussing the *Jean* clarification that the *Hensley* analysis applies to EAJA cases). In litigating fee applications, the plaintiff bears the burden of "documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked," and the government, in opposing the fee application, "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992). In determining the number of hours reasonably spent, "the district court should exclude hours 'that

PAGE 2 – ORDER

are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley*, 461 U.S. at 434). The party seeking an award of attorney's fees "has the burden of submitting billing records to establish that the number of hours it has requested [is] reasonable." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).

The preferred method of calculating reasonable attorney's fees is the "lodestar" method. *Costa v. Comm'r Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). "To calculate the lodestar amount, the court multiplies 'the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'" *Id.* (quoting *Hensley*, 461 U.S. at 433)). In making this calculation, the district court should take into consideration "a host of reasonableness factors, including benefit obtained . . . , the complexity and novelty of the issues presented, and the risk of nonpayment." *Stetson v. Grissom*, 821 F.3d 1157, 1166-67 (9th Cir. 2016) (quotation marks omitted). The Ninth Circuit has cautioned that district courts may not reduce requested fees in social security disability appeals without providing relatively specific reasons. *Costa*, 690 F.3d at 1136-37. A district court may, however, "impose a reduction of up to 10 percent—a 'haircut'—based purely on the exercise of its discretion and without more specific explanation." *Id.* at 1136 (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)).

Defendant argues that Plaintiff's request for $14,878.80 in EAJA fees based on 72.5 hours of attorney time is unreasonable because the issues in this case were not particularly novel or complex, counsel has represented Plaintiff in administrative and court proceedings and so should have needed less time on the case, counsel is experienced and specializes in social security cases and so should need to spend less time on these types of cases, and Plaintiff did not succeed on every argument. Defendant challenges several large time entries by counsel as

unreasonable given the issues in this case. Plaintiff responds that these time entries include other tasks in addition to the tasks challenged by Defendant, although Plaintiff does not distinguish how much time was spent on each task. This is why the District of Oregon, among other courts, specifically cautions against both block-billing and providing vague or otherwise inadequate descriptions of tasks because these practices hinder a court's ability to assess the reasonableness of the time expended. *See, e.g.*, U.S. District Court, District of Oregon, Message from the Court Regarding Attorney Fee Petitions, *available at* https://ord.uscourts.gov/index.php/rules-orders-and-notices/notices/fee-petitions (last updated Mar. 2, 2017). Applying this cautionary statement, United States Magistrate Judge John Acosta has noted, "the court may excuse this method when the billing period is no more than three hours." *Noel v. Hall*, 2013 WL 5376542, at *6 (D. Or. Sept. 24, 2013). For block-billing periods in excess of three hours, however, Judge Acosta has reduced each applicable entry by fifty percent.

> Accordingly, the block-billed time requested over the three-hour maximum will be reduced by fifty percent. Such a reduction is warranted because the vague nature of the entry makes it impossible for the court to make *any* assessment as to the reasonableness of that time expended. *See Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 892 (9th Cir. 2011) ("The fee award may be reduced if [plaintiff's] renewed request is supported only by block-billing statements of the relevant activity, although a fee award cannot be denied on this basis.").

*Id.* (alteration and emphasis in original).

Plaintiff's counsel has included block billing for several entries of more than three hours, including entries in addition to those challenged by Defendants. Rather than evaluating each block entry or reducing every block entry above three hours by 50 percent, the Court will simply apply the discretionary 10 percent "haircut."

In considering Defendant's other objections, the Court notes that in a social security case, "lawyers are not likely to spend unnecessary time on contingency fee cases" due to the

PAGE 4 – ORDER

uncertainty of payment, and thus "courts should generally defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Costa*, 690 F.3d at 1135 (quotation marks omitted). The Court rejects Defendant's objection that this case involves routine challenges and so should have taken less time. This case involved detailed factual challenges and a 718-page record that included a 422-page medical record.

The Court also rejects Defendant's objection that because counsel represented Plaintiff during the administrative process it should have taken less time to litigate this district court appeal. There is a significant delay between administrative proceedings and federal court proceedings and there are different legal standards and arguments. *See Rayborn v. Comm'r, Soc. Sec. Admin.*, 2017 WL 626359, at *3 (D. Or. Feb. 15, 2017). The Court has reviewed the relevant time entries and does not find them unreasonable.

The Court also rejects Defendant's objection that counsel was experienced and thus should have taken less time. Counsel's significant experience weighs on the side of accepting counsel's representation that this particular case took as long as counsel attests.

Finally, the Court is not persuaded by Defendant's argument that Plaintiff was only partially successful because Plaintiff did not win on every argument raised or did not obtain a remand for benefits. Plaintiff succeeded on his arguments that the ALJ erred in evaluating Plaintiff's testimony, the medical testimony, the RFC, and at step five. Where Plaintiff did not fully succeed was in arguing that the ALJ erred in evaluating the medical testimony. Plaintiff argued that the ALJ erred in evaluating the opinions of two doctors and the Court found reversible error with respect to only one doctor. The Court does not find that this was limited success on Plaintiff's substantive legal arguments. The Court then remanded for further proceedings and not for an immediate award of benefits. A remand for further proceedings

instead of benefits, however, does not detract from a plaintiff's eligibility for EAJA fees. *See Penrod v. Apfel*, 54 F. Supp. 2d 961, 963 (D. Ariz. 1999) ("It is of little, if any, consequence [to awarding EAJA fees] that Plaintiff preferred summary judgment [immediate benefits] over remand.").

Plaintiff's Application for Fees (ECF 18) is GRANTED IN PART. Plaintiff is awarded $13,390.92 for attorney's fees pursuant to 28 U.S.C. § 2412(d). Payment of this award shall be made via check payable to Plaintiff and mailed to Plaintiff's attorneys at HARDER, WELLS, BARON & MANNING, P.C., 474 Willamette Street, Eugene, OR 97401. Pursuant to *Astrue v. Ratliff*, the award shall be made payable to Plaintiff's attorneys, HARDER, WELLS, BARON & MANNING, P.C., if the Commissioner confirms that Plaintiff owes no debt to the Government through the Federal Treasury Offset program. If Plaintiff has such debt, the check for any remaining funds after offset shall be made out to Plaintiff and mailed to counsel's office at the address provided above. There are no costs or expenses to be paid herein.

**IT IS SO ORDERED.**

DATED this 20th day of July, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge